IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| KUSHAL SHAH, f/k/a, | § | |
| GERRON LINDSEY, | § | No. 490, 2017 |
| | § | |
| Defendant Below, | § | Court Below: Superior Court of the |
| Appellant, | § | State of Delaware |
| | § | |
| v. | § | Cr. ID No. 0002019767 (N) |
| | § | |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: February 20, 2018
Decided: May 7, 2018

Before **STRINE**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## ORDER

(1) The Court has considered the opening brief filed by the appellant, Kushal Shah, and the appellee's motion to affirm in this appeal from the Superior Court's order of October 31, 2017, denying Shah's eleventh motion for postconviction relief.[1] On appeal, Shah argues, as he did in his underlying motion, that his mandatory life sentence, imposed in 2002 for his first degree murder conviction, was invalidated by the United States Supreme Court's 2012 decision in *Miller v. Alabama*.[2] The Superior Court did not err when ruling that the *Miller*

---

[1] *State v. Shah*, 2017 WL 5075368 (Del. Super. Oct. 31, 2017).
[2] 567 U.S. 460 (2012).

holding, although retroactively applicable in appropriate cases, did not apply in Shah's case because Shah was eighteen years old when he committed the offense.

(2) When denying Shah's tenth motion for postconviction relief, the Superior Court adopted a Commissioner's Report and Recommendation finding that Shah had abused the judicial system by filing repetitive and meritless motions for postconviction relief.[3] Based on that finding, the Superior Court enjoined Shah from filing further motions for postconviction relief unless the motion is approved by the court.[4] On appeal from the denial of Shah's tenth motion for postconviction relief, we affirmed the Superior Court's decision and advised Shah that we would not continue to invest scarce judicial resources to review repetitive claims.[5]

(3) With the affirmance of the Superior Court's denial of Shah's motion arguing the retroactive effect of *Miller v. Alabama*, we advise Shah that we will not review that claim again. We also order that any future requests by Shah to proceed in forma pauperis in any matter before us concerning his 2002 conviction and sentence must be accompanied by an affidavit containing the certifications required by title 10, § 8803(e).

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED. Any future

---

[3] *State v. Shah*, 2015 WL 5675838 (Del. Super. Sept. 10, 2015).
[4] *Id.*
[5] *Shah v. State*, 2015 WL 9436813 (Del. Dec. 22, 2015).

2

application by Shah to proceed in forma pauperis in a matter before this Court concerning his 2002 conviction and sentence must be accompanied by an affidavit containing the certifications required by title 10, § 8803(e).

BY THE COURT:

/s/ Leo E. Strine, Jr.

Chief Justice